# IN THE UNITED STATES OF AMERICA
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                          4:09-CR-00301-01-WRW

**COLIN EARLS**

## ORDER

Pending are Defendant's Motions in Limine (Doc. Nos. 14, 15). The Prosecution has responded.[1]

## I.     First Motion in Limine

Defendant's First Motion in Limine[2] asks the Court to exclude from trial the following evidence:

1.     Any offer to plead guilty to the crime charged, or any other crime, or statement made in connection with or relevant to any such plea, offer, or negotiation.

Defendant's Motion as to this point is GRANTED.

2.     Any evidence of Defendant's character or a trait of Defendant's character offered "for the purpose of proving action and conformity therewith on a particular occasion."

Defendant's Motion is DENIED without prejudice on this issue. If he wishes, Defendant may refile his motion setting out specifically which evidence he seeks to exclude.

3.     Any evidence of other crimes, wrongs or acts of Defendant, unless Defendant takes the stand as a witness in his own defense.

Defendant's Motion is DENIED without prejudice on this issue. If he wishes, Defendant may refile his motion setting out specifically which evidence he seeks to exclude.

---

[1]Doc. No. 18.

[2]Doc. No. 14.

4.      Any testimony of any witness not timely and properly disclosed under the Federal Rules of Criminal Procedure, and this Court's Pre-Trial Order.

Defendant's Motion is DENIED without prejudice on this issue. If he wishes, Defendant may refile his motion setting out specifically which evidence he seeks to exclude.

5.      Any evidence not timely and properly disclosed by the Prosection under the Federal Rules of Criminal Procedure and this Court's Pre-Trial Order.

Defendant's Motion is DENIED without prejudice on this issue. If he wishes, Defendant may refile his motion setting out specifically which evidence he seeks to exclude.

6.      Any evidence of any statement other than one made by the declarant while testifying at the trial offered in evidence to prove the truth of the matter asserted, unless the statement falls within one of the recognized exceptions to hearsay.

Defendant's Motion as to this point is GRANTED. The Court intends to follow the Federal Rules of Evidence regarding hearsay.

7.      Any testimony in the form of opinions or inferences, unless offered by a witness timely and properly disclosed as an expert witness and qualified as an expert on that subject by knowledge, skill, experience, training, or education.

Defendant's Motion is DENIED without prejudice on this issue. If he wishes, Defendant may refile his motion setting out specifically which evidence he seeks to exclude.

8.      Defendant's decision not to take the stand in his own defense, if Defendant so chooses.

Defendant's Motion as to this point is GRANTED.

9.      Any testimony regarding statements made by Defendant at any time during the investigation of these proceedings, or any testimony regarding Defendant's actions or inactions when initially confronted with these allegations.

Defendant's Motion is DENIED without prejudice on this issue. If he wishes, Defendant may refile his motion setting out specifically which evidence he seeks to exclude.

**II.    Second Motion in Limine**

Defendant's Second Motion in Limine[3] asks the Court to exclude evidence of the following items seized from Defendant's car:

> a. "One (1) White Fake Penis with tube going to bag for deceiving drug tests";
> b. "One (1) Business card 'Adrenaline for Hire' for Stanley 'Maniac' Carter depicting a person breaking into a house";
> c. "One (1) black Apple Iphone with busted screen";
> d. "One (1) Gold Arkansas Constable Badge and a belt clip styled holder";
> e. "One (1) Black Keyless entry key fob on a key ring containing keys";
> f. "One (1) Blue U.S. Passport";
> g. "One (1) Black Duffel Bag containing the keys and a receipt for comfort suites; and
> h. "One (1) Arkansas License plate 112 IAO with paper taped over the month of 3. Paper has 10 written on it in red."

The Prosecution does not object to the exclusion of the items listed above, but intends to offer into evidence other items found in the car, as well as the video tape of the search of the car.[4] The Prosecution requests the right to argue for the admission an any item listed above, if the any item's relevance to the case becomes apparent at a later time.[5]

Defendant's Second Motion in Limine is GRANTED. The Prosecution, however, may argue for the admission of the evidence listed above if it determines the evidence is relevant.

IT IS SO ORDERED this 14th day of December, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[3]Doc. No. 15.

[4]Doc. No. 18.

[5]*Id*.